UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
CARLO GIURDANELLA, :
:
Plaintiff, :
: 19-CV-5455 (VSB)
-against- :
: **ORDER OF DISMISSAL**
:
NEW YORK CITY POLICE DEPT., CITY :
OF NEW YORK, STATE OF NEW YORK, :
:
Defendants. :
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/2019

VERNON S. BRODERICK, United States District Judge:

Plaintiff, appearing *pro se* and having paid the filing fees, brings this action invoking the Court's federal jurisdiction under 28 U.S.C. § 1331 and asserting that Defendants violated his rights under the Fifth and Fourteenth Amendment. For the following reasons, the Court dismisses the action.

I.  **Standard of Review**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## II. Background

Plaintiff, using the Court's general complaint form, brings this action against the New York City Police Department (NYPD), the City of New York, and the State of New York. Plaintiff invokes the Court's federal question jurisdiction and asserts that Defendants deprived him of his rights to due process and fairness under the law in violation of the Fifth and Fourteenth Amendment. Plaintiff's claims arise from his arrest, indictment, and prosecution on assault charges.

The following facts are taken from the complaint: on June 27, 2012, after an altercation between Plaintiff and Ahmed Kamel, a cab driver, Police Officer Michael Sarro of the NYPD filed a false police report claiming that Plaintiff made the following statement: "I told him to move his cab and he wouldn't move." (Compl. at 5.) Although Plaintiff never made this statement and it was uncorroborated, the falsified statement was then used to obtain a "wrongful/fraudulent" indictment against Plaintiff. (*Id*.) At Plaintiff's trial, Sarro testified and confirmed the false police report. Sarro also submitted a "shrouded photograph of [Plaintiff] in order to obstruct the fact that [Plaintiff] was the victim of the assault perpetrated by Ahmed Kamel." (*Id*.) Further, the State of New York failed to introduce exculpatory material that would have exonerated Plaintiff. As a result of Defendants' actions, Plaintiff was wrongfully convicted, had to give up his professional license, and suffered "extreme psychological impact." (*Id*. at 6.)

Plaintiff brings this action seeking to vacate his conviction and to restore his real estate license.

**III.    Discussion**

Plaintiff's complaint essentially challenges the validity of his conviction, a challenge that must be raised in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by challenging a conviction in a civil action.[1] *Preiser*, 411 U.S. at 489-90.

Prior to filing a § 2254 petition, a petitioner must demonstrate that he has exhausted his available state remedies with respect to the grounds he raises in accordance with 28 U.S.C. § 2254(b) and (c). *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). Should Plaintiff choose to pursue this challenge in the state courts, he may file a petition for a writ of *habeas corpus* in this Court once all available state remedies have been exhausted.[2]

---

[1] Plaintiff was convicted, after a jury trial, in the New York Supreme Court, New York County, of second degree assault and on October 29, 2013, he was sentenced to 30 days. *See People v. Giurdanella*, 41 N.Y.S.3d 496 (1st Dep' t Nov. 15, 2016). He appealed his conviction, and the New York Supreme Court, Appellate Division, First Department, affirmed the judgment, and the New York Court of Appeals denied his appeal. *See id.*, *appeal denied*, 29 N.Y.3d 948 (Mar. 22, 2017). Plaintiff does not appear to have presented the grounds he raises to the state courts in the direct appeal of his conviction.

[2] Under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, a person in state custody must generally file a § 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

## IV. Conclusion

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Because Plaintiff cannot seek to vacate his conviction in a civil action, the complaint is dismissed.

Although Plaintiff paid the filing fees for this action, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 25, 2019
New York, New York

Vernon S. Broderick
United States District Judge